BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE LIQUID CARBONIC TRUCK DRIVERS )
CHEMICAL POISONING LITIGATION      )     DOCKET NO. 252

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY*, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of 35 actions pending in three districts: twenty-one in the Eastern District of Louisiana; eight in the Southern District of West Virginia; and six in the Western District of Louisiana.[1]

Plaintiffs in these actions, with one exception, are several truck drivers formerly or presently employed by Liquid Carbonic Corporation who allege that they suffered chemical poisoning while hauling liquid carbon monoxide from Liquid Carbonic's Geisman, Louisiana, plant to various chemical plants in the Eastern, Southern and Southwestern United States.

---

*/ Judges Becker, Lord, and Caffrey were unable to attend the Panel hearing and, therefore, did not participate in the consideration or decision of this matter.

1/ Hereinafter, twelve of the actions pending in the Eastern District of Louisiana are referred to as <u>Strain</u>, nine of the actions pending in that district are referred to as <u>Frierson</u>, the actions pending in the Southern District of West Virginia are referred to as <u>Union Carbide</u>, and the Western District of Louisiana actions are referred to as <u>Olin</u>.

A former dispatcher at Liquid Carbonic's New Orleans shipping terminal is the other claimant and he also alleges that he suffered chemical poisoning from exposure to liquid carbon monoxide. Defendants include several executive officers of Liquid Carbonic, the chemical companies at whose plants most of the deliveries were made, and the manufacturer of the trailers in which the liquid carbon monoxide was hauled. The complaints charge defendants with violations of the National Highway Safety Act; the laws governing interstate transportation and storage of toxic and hazardous substances; the Occupational Safety and Health Act and regulations promulgated thereunder; and various state laws.

Shortly after the Strain actions were filed, the court dismissed two of the chemical companies, Olin Corporation and Union Carbide Corporation, for improper venue. Several of the plaintiffs in Strain thereafter filed actions against Olin in the Western District of Louisiana and Union Carbide in the Southern District of West Virginia. The complaints in these actions are virtually identical to Strain. At the hearing on this matter, counsel for Olin advised the Panel that Olin intends to withdraw its venue objection in the Eastern District of Louisiana, consent to be rejoined as a defendant there, and move to dismiss the Olin actions in the Western District of Louisiana. Transcript at 10. Apparently these actions have not yet been dismissed, however.

Prior to the filing of Strain, Olin and Union Carbide, many of the Strain plaintiffs initiated the Frierson actions in the Eastern District of Louisiana against Liquid Carbonic, its group hospitalization and disability insurer, and others. These actions have been consolidated and involve a variety of claims under the hospitalization and disability insurance policy, a contractual wage arrangement with Liquid Carbonic, the Civil Rights Act, and the Fair Credit Reporting Act. Claims involving holiday and vacation pay and the alleged firing of certain plaintiffs are also asserted.

Nine of the thirteen plaintiffs in total jointly move the Panel for an order transferring Olin and Union Carbide to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the Strain and Frierson actions. Movants suggest the Western District of Louisiana as the transferee district in the alternative. Most responding parties favor transfer of Olin to the Eastern District of Louisiana, but object to the inclusion of the Frierson actions in Section 1407 proceedings. Only defendant Union Carbide opposes transfer of Union Carbide. And all responding parties urge the Eastern, and not Western, District of Louisiana as the transferee forum, except Union Carbide which does not comment on the issue of an appropriate transferee forum.

Case MDL No. 252 Document 2 Filed 05/01/15 Page 4 of 9

- 4 -

We find that the <u>Olin</u> and <u>Union Carbide</u> actions share common questions of fact with the <u>Strain</u> actions and that transfer of <u>Olin</u> and <u>Union Carbide</u> to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings under Section 1407 with <u>Strain</u> will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We make no determination with regard to the propriety of including the <u>Frierson</u> actions in the coordinated or consolidated pretrial proceedings.

All parties agree, and we concur, that <u>Strain</u>, <u>Olin</u> and <u>Union Carbide</u> involve common factual issues relating to the causation of plaintiffs' injuries and the liability of all defendants. Thus, transfer of these actions to a single district under Section 1407 will prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings. <u>See</u> <u>In re Radiation Incident at Washington, D.C. on April 5, 1974</u>, 400 F. Supp. 1404, 1406 (J.P.M.L. 1975).

Union Carbide opposes transfer of the actions pending against it solely on the ground that once the discovery process has been completed these actions will proceed to trial more expeditiously in West Virginia than in Louisiana. The respondents objecting to the Panel's inclusion of <u>Frierson</u> in any coordinated or consolidated pretrial proceedings contend that <u>Frierson</u> involves numerous factual and legal questions not raised in <u>Strain</u>, <u>Olin</u> and <u>Union Carbide</u>, and point out that <u>Frierson</u> also

includes additional defendants. They also stress that discovery in Frierson is more advanced than discovery in the other actions. Three respondents, however, argue that since the Frierson actions already are pending in the Eastern District of Louisiana, any question of their coordination or consolidation with the other actions in this litigation is a matter to be considered by the transferee court rather than the Panel.

Union Carbide's objection to transfer is wholly without merit and apparently based on a misunderstanding of Section 1407. Transfer pursuant to Section 1407 relates only to the conduct of coordinated or consolidated pretrial proceedings. 28 U.S.C. §1407(a). At or before the completion of these pretrial proceedings, the Union Carbide actions will in all likelihood be remanded to the Southern District of West Virginia for trial. See Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260-63 (1975). Indeed, the Louisiana court has already ruled that venue regarding Union Carbide is improper in the Eastern District of Louisiana. Cf. Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971).

Since the Frierson actions would be pending before the transferee court regardless of the transfer we are herewith ordering, we believe that the question of whether these actions should be included in the coordinated or consolidated pretrial proceedings is more properly left to the discretion of the transferee judge. See In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation,

399 F. Supp. 1405, 1407 (J.P.M.L. 1975). <u>See also</u> <u>In re Grain Shipments</u>, 305 F. Supp. 3, 4 (J.P.M.L. 1969); Rule 10(a), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

We agree that the Eastern District of Louisiana is the most appropriate transferee forum for this litigation. More actions are pending in this district than in any other. And since the shipments were made from the New Orleans area, many of the relevant documents and witnesses are located there. <u>See</u> <u>In re Radiation Incident at Washington, D.C. on April 5, 1974</u>, <u>supra</u>, 400 F. Supp. at 406-07.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Morey L. Sear for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending there and listed on Schedule A.

IT IS FURTHER ORDERED that no determination under 28 U.S.C. §1407 is hereby made regarding the actions listed on the following Schedule B and pending in the Eastern District of Louisiana.

## SCHEDULE A

DOCKET NO. 252 -- IN RE LIQUID CARBONIC TRUCK DRIVERS CHEMICAL POISONING LITIGATION

### EASTERN DISTRICT OF LOUISIANA

| Case | Docket |
|---|---|
| Lenny Strain v. Kenneth Turner, et al. | Civil Action No. 73-3139-H |
| Rodney J. Strain v. Kenneth Turner, et al. | Civil Action No. 74-2363-H |
| Charles J. Strain v. Kenneth Turner, et al. | Civil Action No. 74-2364-H |
| Roger Moran v. Kenneth Turner, et al. | Civil Action No. 74-2365-H |
| Alvin Frierson v. Kenneth Turner, et al. | Civil Action No. 74-2366-H |
| Marvin Brown v. Kenneth Turner, et al. | Civil Action No. 74-2367-H |
| Carl Martin v. Kenneth Turner, et al. | Civil Action No. 74-2368-H |
| Dennis Morris v. Kenneth Turner, et al. | Civil Action No. 74-2452-H |
| Richard Lamousin v. Kenneth Turner, et al. | Civil Action No. 2579-H |
| Vernon Ghersanich v. Kenneth Turner, et al. | Civil Action No. 75-1502-H |
| Tyrone Charbonnet v. Kenneth Turner, et al. | Civil Action No. 75-745-H |
| Raymond Ghersanich and Frank Voss v. Kenneth Turner, et al. | Civil Action No. 75-1802-H |

Schedule A -- MDL-252 -- p. 2

### WESTERN DISTRICT OF LOUISIANA

| Case | |
|---|---|
| Charles J. Strain, Jr. v. Olin Corp. | Civil Action No. 75-1337 |
| Carl R. Martin v. Olin Corp. | Civil Action No. 75-1334 |
| Dennis Morris, Sr. v. Olin Corp. | Civil Action No. 75-1338 |
| Marvin Brown v. Olin Corp. | Civil Action No. 75-1336 |
| Alvin W. Frierson v. Olin Corp. | Civil Action No. 75-1339 |
| Rodney J. Strain v. Olin Corp. | Civil Action No. 75-1335 |

### SOUTHERN DISTRICT OF WEST VIRGINIA

| Case | |
|---|---|
| Carl R. Martin v. Union Carbide Corp. | Civil Action No. 75-0832-CH |
| Dennis Morris, Sr. v. Olin Corp. | Civil Action No. 75-0835-CH |
| Richard Lamousin v. Union Carbide Corp. | Civil Action No. 75-0831-CH |
| Alvin W. Frierson v. Union Carbide Corp. | Civil Action No. 75-0837-CH |
| Rodney J. Strain v. Union Carbide Corp. | Civil Action No. 75-0836-CH |
| Marvin Brown v. Union Carbide Corp. | Civil Action No. 75-0838-CH |
| Roger Moran v. Union Carbide Corp. | Civil Action No. 75-0834-CH |
| Charles J. Strain, Jr. v. Union Carbide Corp. | Civil Action No. 75-0833-CH |

## SCHEDULE B

DOCKET NO. 252 -- IN RE LIQUID CARBONIC TRUCK DRIVERS CHEMICAL POISONING LITIGATION

### EASTERN DISTRICT OF LOUISIANA

| Case | Docket |
|---|---|
| Alvin Frierson v. Liquid Carbonic Corp., et al. | Civil Action No. 74-2329-F |
| Charles J. Strain v. Liquid Carbonic Corp., et al. | Civil Action No. 74-2330-F |
| Rodney J. Strain v. Liquid Carbonic Corp., et al. | Civil Action No. 74-2331-F |
| Lenny J. Strain v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3278-F |
| Roger Moran v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3279-F |
| Richard Lamousin v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3280-F |
| Carl Martin v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3281-F |
| Dennis Morris v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3282-F |
| Marvin Brown v. Liquid Carbonic Corp., et al. | Civil Action No. 74-3283-F |